IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-067-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, ET AL | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS**

Pursuant to F.R.C.P. 4(m) and 12 (b)(6), defendants First Correctional Medical ("FCM") and Deborah Muscarella, hereinafter the "FCM defendants" move the court for an order dismissing all claims in the complaint against them on the grounds that plaintiff failed to serve the FCM defendants within 120 days of filing the complaint and because the complaint fails to state a claim upon which plaintiff may recover. In support of their motion, the FCM defendants offer the following:

Background

1.  Plaintiff is an inmate in the Delaware correctional system.

2.  Defendant FCM was the health care provider for the Delaware correctional system from July 1, 2002 to June 30, 2005. Defendant Deborah Muscarella was an employee of FCM at the time in question.

3.  Plaintiff filed his complaint on February 9, 2005. D.I. 2. FCM waived service on July 18, 2006. D.I. 19. Deborah Muscarella waived service on July 24, 2006. D.I. 21.

4.  In his complaint, plaintiff makes no allegations against either defendant FCM or Deborah Muscarella.

Legal Standards

5. Pursuant to F.R.C.P. 4(m), an action "shall be dismissed" as to a defendant who was not served within 120 days of the filing of the complaint when the party on whose behalf such service was made cannot show good cause why service was not effected in the required period.

6. F.R.C.P. 8(a)(2) requires a complaint contain a short and plain statement demonstrating that the pleader is entitled to relief.

7. There is no vicarious liability for civil rights claims. *Hyson v. Correctional Medical Services*, C.A. No. 02-318 (SLR), mem. order at 2-3, Robinson, C.J. (D.Del. Feb. 6, 2003) (copy attached as Exhibit 1). Personal involvement by a defendant is required. *Id.*, mem. op. at 3.

8. Pursuant to 18 Del. C. § 6853 (a)(1), an affidavit of merit must accompany a medical negligence complaint filed after October 9, 2003, or "the clerk of court shall refuse to file the complaint and it shall not be docketed with the court."

9. Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without an affidavit of merit, the defendant's remedy is a dismissal. *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

10. Prior to filing a civil lawsuit, an inmate must exhaust all administrative remedies. *Hyson*, mem. order at 2 (citing Prison Litigation Reform Act, 42 *U.S.C.* §1997e(a)).

11. Under these legal standards, the FCM defendants submit that dismissal is warranted because more than one and a half years passed since the filing of the complaint before service was perfected and because plaintiff's complaint fails to state a claim against them upon which relief could be recovered.

Plaintiff Has Failed to Serve the FCM Defendants Within 120 Days

12. More than 540 days passed between the filing of the Complaint in this matter and

service of either defendant (FCM or Deborah Muscarella). Plaintiff has not demonstrated good cause as to why the FCM defendants were not served timely. Pursuant to F.R.C.P. 4(m), the Court shall dismiss a suit where the time for service has exceeded 120 days and there has been no showing of good cause.

### Plaintiff has Failed to State a Claim against the FCM Defendants

13. Plaintiff has named FCM as a defendant in this matter. However, plaintiff has failed to name FCM in any allegation in the Complaint. Furthermore even if FCM was cited in the Complaint, plaintiff cannot maintain a 42 U.S.C. § 1983 against FCM because personal involvement by a defendant is a prerequisite to filing suit. *Hyson*, mem. order at 3. There is no vicarious liability for civil rights actions, so the complaint fails to state a claim against FCM. *Id.*

14. Plaintiff's only reference to Deborah Muscarella in the complaint states, "[a]fter five days, my pod counselor Ms. Deborah called the infirmary." This statement is one of fact and does not constitute an allegation of negligence or wrongdoing as to defendant Deborah Muscarella as required by F.R.C.P. 8(a)(2). Therefore, according to F.R.C.P 12(b)(6), Deborah Muscarella must be dismissed with prejudice as a defendant in this case.

### Plaintiff has Failed to File an Affidavit of Merit

15. Plaintiff's complaint was not accompanied by either an affidavit of merit or a motion to extend the time for filing such affidavit. As such, plaintiff state law claims must be dismissed as a matter of law. *Jackson*, 380 F. Supp. 2d at 392.

### Plaintiff Failed to Exhaust Administrative Remedies

16. Plaintiff failed to exhaust all available administrative remedies prior to filing this legal action. Plaintiff asserts that he filed a grievance and but notes that "an inmate cannot request or demand disciplinary action on staff". Plaintiff does not state the result of the grievance which

suggests that at the time of filing, the administrative process was not complete and thus, plaintiff failed to exhaust all administrative remedies. In the absence of proof of exhaustion of all administrative remedies, plaintiff's complaint must be dismissed. *Hyson*, mem. order at 3.

## Conclusion

17. For the above reasons, the FCM defendants respectfully request that all claims against them be dismissed with prejudice.

                                      **McCULLOUGH & McKENTY, P.A.**

                                      /s/ Dana Spring Monzo
                                      Daniel L. McKenty Del. Bar # 2689
                                      Dana Spring Monzo Del. Bar # 4605
                                      1225 N. King Street, Suite 1100
                                      P.O. Box 397
                                      Wilmington, DE 19899-0397
                                      (302) 655-6749
                                      Attorneys for FCM defendants

Dated: September 11, 2006

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-067-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, ET AL | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Dana Spring Monzo, do hereby certify that on this date two copies of **Motion to Dismiss** were served by first class mail, postage prepaid, on the following individual:

William F. Davis, III SBI #162762
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Dana Spring Monzo
Daniel L. McKenty Del. Bar # 2689
Dana Spring Monzo Del. Bar # 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for FCM defendants

Dated: September 11, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-067-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, ET AL | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

And now this _____ day of _____, 2006, having considered FCM Defendants' Motion to Dismiss and any opposition thereto,

it is HEREBY ORDERED that FCM Defendants' Motion to Dismiss is granted.

_____
                                                                                           J.