IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. DAVIS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-67-SLR |
| | ) |
| WARDEN RAPHAEL WILLIAMS, | ) Jury Trial Requested |
| FIRST CORRECTIONAL MEDICAL, | ) |
| DR. BOSTON, BRIAN CASEY, | ) |
| C/O DAVIES, CAPTAIN EMMIT | ) |
| C/O REGINALD MAYES, and | ) |
| DEBRA MUSCARELLA, | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO STATE DEFENDANTS [RE: D.I. 30, 32, 33 & 35]**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, State Defendants Warden Raphael Williams, C/O Kerry Davies, Deputy Warden Mark Emig, and C/O Reginald Mays (the "State Defendants") hereby respond to Plaintiff's First Set Of Interrogatories (D.I. 30, 32, 33 & 35) (the "Discovery Requests") as follows:

**GENERAL OBJECTIONS**

The following general objections apply to and are hereby incorporated by reference into each individual response herein, whether or not expressly incorporated by reference in such individual response:

1. State Defendants object to the Discovery Requests to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable protections or privileges.

2. State Defendants object to the Discovery Requests to the extent that they seek information not in Defendants' possession, custody or control on the ground that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure.

3. State Defendants object to the Discovery Requests to the extent that they seek information that is already in the possession, custody or control of Plaintiff or information that is equally available to Plaintiff.

4. State Defendants object to the Discovery Requests to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Delaware.

5. State Defendants object to the Discovery Requests to the extent that they are vague, ambiguous, or otherwise incomprehensible.

6. State Defendants object to the Discovery Requests to the extent that they are overly broad, unduly burdensome, or seek information that is neither relevant to the issues raised in the Complaint (the "Complaint"), nor reasonably calculated to lead to the discovery of admissible evidence.

7. In providing responses to these Discovery Requests, State Defendants do not waive, and expressly reserve, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

8. State Defendants' assertion that they will produce documents in response to a particular interrogatory is not to be construed as an admission that any

document exists within any requested category or categories, but solely as an assertion that State Defendants will make available for inspection and copying responsive, nonprivileged documents within their possession, custody or control should any such documents be located after a reasonably diligent search.

9. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, State Defendants reserve the right to supplement or amend these responses and assert additional objections as they complete their review and analysis in response to the Discovery Requests.

## RESPONSES TO INTERROGATORIES FOR REGINALD MAYS [RE: D.I. 30]

**MAYS INTERROGATORY NO. 1.** Why wasn't there a report of the push in the face by Brian Casey on William Davis, III, and;

**RESPONSE:** State Defendant Mays incorporates by reference the foregoing general objections and further objects to this Interrogatory on grounds that it is unclear and ambiguous in that Plaintiff does not define "the push in the face" he is referring to. Mr. Davis makes several allegations in his Complaint regarding alleged attacks by Inmate Casey, however, he does not specify in Mays Interrogatory No. 1 which of the alleged attacks he is referring to. Subject to and without waiver of the foregoing general and specific objections, State Defendant Mays states that he did not witness an incident between Inmates Casey and Davis that would have required him writing a report.

**MAYS INTERROGATORY NO. 2.** Why after request from William Davis, III was there not an Incident Report made?

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Mays refers Plaintiff to his Response to Mays Interrogatory No. 1.

**MAYS INTERROGATORY NO. 3.** If there was a report made, what type of report was it, and produce any report.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Mays refers Plaintiff to his Response to Mays Interrogatory No. 1.

**MAYS INTERROGATORY NO. 4.** If there was a report made, produce a copy of it or them.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Mays refers Plaintiff to his Response to Mays Interrogatory No. 1.

**MAYS INTERROGATORY NO. 5.** Did you undergo any special training for your placement in a Mental Health Pod/Tier?

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Mays states that he did receive special training to work on the 1D pod. By way of further response State Defendants state that officers who are permanently assigned to the Mental Health Pod/Tier are given training by the mental health unit.

**MAYS INTERROGATORY NO. 6.** Supply times and days that you worked on and through April through June 2004, and what Pod.

**RESPONSE:** State Defendant Mays incorporates by reference the foregoing general objections and further objects to this request on grounds that it is not relevant to the above-captioned matter or reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Mays states that from April through June 2004 he worked the 4:00 p.m. to 12:00 a.m. shift on the 1D pod.

## RESPONSES TO INTERROGATORIES
## FOR MARK EMIG [RE: D.I. 32]

**EMIG INTERROGATORY NO. 1.** What is the function and purpose of your position at Howard R. Young Correctional Institution during April through June 2004?

**RESPONSE:** State Defendant Emig incorporates by reference the foregoing general objections and further objects to this Interrogatory on grounds that it is overly broad. Subject to and without waiver of the foregoing general objections, State Defendant Emig states that upon information and belief in May 2004 he was the Facility Investigator/Captain. His responsibilities included investigating serious incidents that occurred within Howard Young.

**EMIG INTERROGATORY NO. 2.** Did you receive letters sent to you by inmate William Davis, III about the assaults which resulted in his broken jaw in/on 1D Pod?

**RESPONSE:** State Defendant Emig incorporates by reference the foregoing general objections and further objects to this Interrogatory on grounds that it is unclear and ambiguous in that Plaintiff does not define "the assaults which resulted in his broken jaw" he is referring to. Mr. Davis makes several allegations in his Complaint regarding alleged attacks by Inmate Casey, however, he does not specify in Emig Interrogatory No. 2 which of the alleged attacks he is referring to. Subject to and without waiver of the foregoing general and specific objections, State Defendant Emig states that Inmate Davis contacted him regarding alleged injuries that he received from the fight that occurred between Inmate Davis and Inmate Casey on May 31, 2004.

- 7 -

**EMIG INTERROGATORY NO. 3.** When William Davis III asked you in person on 1D Pod to press criminal assault charges on inmate Brian Casey what did you tell him and why?

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, State Defendant Emig states that after the May 31, 2004 fight between Inmates Davis and Casey, State Defendant Emig contacted the Attorney General's office to determine if the office was willing to press charges against Inmate Casey. State Defendant Emig was told that because Inmate Casey and Inmate Davis were fighting, the Attorney General's office would not pursue charges against Inmate Casey. Further, upon information and belief, State Defendant Emig told Mr. Davis that the Attorney General's office declined to file charges and that Inmate Davis could attempt to file charges upon his release from Howard Young.

**EMIG INTERROGATORY NO. 4.** What is the procedure when an inmate wishes to file charges on another inmate?

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Emig states that when an inmate wishes to file charges on another inmate the information regarding the charges the inmate wishes to file are gathered and sent to the Attorney General's office for assessment and a determination of whether to pursue charges.

**EMIG INTERROGATORY NO. 5.**   Was Brian Casey disciplined for the assault on William Davis, III which broke his jaw?  If so, produce the report.  If not, explain.

**RESPONSE:** State Defendant Emig incorporates by reference the foregoing general objections and further objects to this Interrogatory on grounds that it is unclear and ambiguous in that Plaintiff does not define "the assault on William Davis, III which broke his jaw."  Mr. Davis makes several allegations in his Complaint regarding alleged attacks by Inmate Casey, however, he does not specify in Emig Interrogatory No. 5 which of the alleged attacks he is referring to.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Emig states that both Inmates Casey and Inmate Davis received write ups for the fight between the inmates on May 31, 2004.

**EMIG INTERROGATORY NO. 6.**   Was there any reports made as to the assault on William Davis, III?  If so, produce those reports.  If not, explain.

**RESPONSE:** State Defendant Emig incorporates by reference the foregoing general objections and further objects to this Interrogatory on grounds that it is unclear and ambiguous in that Plaintiff does not define "the assault on William Davis, III" he is referring to.  Mr. Davis makes several allegations in his Complaint regarding alleged attacks by Inmate Casey, however, he does not specify in Emig Interrogatory No. 6 which of the alleged attacks he is referring to.  Subject to and without waiver of the foregoing general and specific objections, State Defendant Emig will respond to this Interrogatory upon receipt of further clarification.

**EMIG INTERROGATORY NO. 7.** What is the procedure on an assault with injuries on a Mental Health POD/Team "in this case 1D POD"?

**RESPONSE:** State Defendant Emig incorporates by reference the foregoing general objections and further objects to this Interrogatory on grounds that it is vague and ambiguous in that it does not define an "assault with injuries." Subject to and without waiver of the foregoing general and specific objections, State Defendant Emig states that the procedure used for when a fight occurs between inmates on the Mental Health Unit is the same procedure used for any other unit. The procedure is that the parties engaged in the fight are written up for fighting internally and referred to the disciplinary hearing officer. At that time if it is determined that criminal charges may be warranted, all information is forwarded to the Attorney General's office to schedule an intake hearing.

**EMIG INTERROGATORY NO. 8.** What medical procedures is [sic] to be followed after such an assault with injuries?

**RESPONSE:** State Defendant Emig incorporates by reference the foregoing general objections and further objects to this Interrogatory on grounds that it is vague and ambiguous in that it does not define "such an assault with injuries." Subject to and without waiver of the foregoing general and specific objections, State Defendant Emig will respond to this Interrogatory upon receipt of further clarification.

### RESPONSES TO INTERROGATORIES
### FOR RAPHAEL WILLIAMS [RE: D.I. 33]

**WILLIAMS INTERROGATORY NO. 1.** Were there reports of the assault on William Davis III?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is unclear and ambiguous in that Plaintiff does not define "the assault" he is referring to. Mr. Davis makes several allegations in his Complaint regarding alleged attacks by Inmate Casey, however, he does not specify in Williams Interrogatory No. 1 which of the alleged attacks he is referring to. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams will respond to this Interrogatory upon receipt of further clarification.

**WILLIAMS INTERROGATORY NO. 2.** What is the procedure as to an inmate injured in Howard R. Young Correctional Institution?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is unclear and ambiguous in that it fails to specify what type of injury it is referring to. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams will respond to this Interrogatory upon receipt of further clarification.

**WILLIAMS INTERROGATORY NO. 3.** Why was there not a report filed after the pushes in the face by Brian Casey on William Davis, III? If there was, produce them.

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is unclear and ambiguous in that Plaintiff does not define "the pushes in the face" he is referring to. Mr. Davis makes several allegations in his Complaint regarding alleged attacks by Inmate Casey, however, he does not specify in Williams Interrogatory No. 3 which of the alleged attacks he is referring to. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams will respond to this Interrogatory upon receipt of further clarification.

**WILLIAMS INTERROGATORY NO. 4.** Why after requests from William Davis, III was there not an Incident Report made? If there was, produce it.

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this request on grounds that it is unclear and ambiguous in that Plaintiff does not specify what "requests" he is referring to. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams will respond to this Interrogatory upon receipt of further clarification.

- 12 -

**WILLIAMS INTERROGATORY NO. 5.** What are the institutional medical policies on medical procedures as to serious injuries and a broken jaw?

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this Interrogatory on grounds that it requests information protected from disclosure by 11 *Del. C.* § 4322.

**WILLIAMS INTERROGATORY NO. 6.** List all Correctional Officers who worked on 1D POD from April through June 2004.

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this Interrogatory on grounds that it is overly broad and unduly burdensome and unlikely to lead to the discovery of admissible evidence.

**WILLIAMS INTERROGATORY NO. 7.** List the nurses and Doctors on duty during the time of

**RESPONSE:** State Defendant Williams incorporates by reference the foregoing general objections and further objects to this Interrogatory on grounds that it is unclear what Plaintiff is asking for as it appears that the Interrogatory is incomplete. Subject to and without waiver of the foregoing general and specific objections, State Defendant Williams will respond to this Interrogatory upon receipt of further clarification.

## RESPONSES TO INTERROGATORIES
## FOR KERRY DAVIES [RE: D.I. 35]

**DAVIES INTERROGATORY NO. 1.**   Why wasn't there a report on the push in the face by Brian Casey and on William Davis, III?

**RESPONSE:** State Defendant Davies incorporates by reference the foregoing general objections and further objects to this request on grounds that it is unclear and ambiguous in that Plaintiff does not define "the push in the face" he is referring to. Mr. Davis makes several allegations in his Complaint regarding alleged attacks by Inmate Casey, however, he does not specify in Davies Interrogatory No. 1 which of the alleged attacks he is referring to. Subject to and without waiver of the foregoing general and specific objections, State Defendant Davies states that he does not recall seeing Brian Casey push William Davis III in the face. Further, State Defendant Davies states that he does not recall seeing Inmate Casey and Inmate Davis have any physical fight or threaten behavior toward one another. Moreover Inmate Davis never informed State Defendant Davies that he had been pushed in the face.

**DAVIES INTERROGATORY NO. 2.**   Why after request from William Davis was there "not" an Incident Report made?

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Davies refers Plaintiff to his Response to Davies Interrogatory No. 1.

**DAVIES INTERROGATORY NO. 3.**    If there was a report made, what type of report was it?

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Davies refers Plaintiff to his Response to Davies Interrogatory No. 1.

**DAVIES INTERROGATORY NO. 4.**    If there was a report made, produce a copy of it or them.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, State Defendant Davies refers Plaintiff to his Response to Davies Interrogatory No. 1.

**DAVIES INTERROGATORY NO. 5.**    Did you undergo any special training for your placement in a Mental Health Pod/Tier? Supply any documentation to support that training.

**RESPONSE:** State Defendant Davies incorporates by reference the foregoing general objections and further objects to this request on grounds that it is not relevant to the above-captioned matter or reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Davies states that he did not undergo any special training for working on the Mental Health Tier – 1D. By way of further response, State Defendant Davies states that he was not permanently assigned to the Mental Health Tier and only worked on that tier on a few occasions.

**DAVIES INTERROGATORY NO. 6.** Supply times and days that you worked on and through April through June 2004. What Pod?

**RESPONSE:** State Defendant Davies incorporates by reference the foregoing general objections and further objects to this request on grounds that it is not relevant to the above-captioned matter or reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, State Defendant Davies states that from April through June 2004 he worked the 4:00 p.m. to 12:00 a.m. shift. By way of further response, State Defendant Davies states that he does not recall the specific days he worked or the areas he worked from April through June 2004.

                        **DEPARTMENT OF JUSTICE**
                        **STATE OF DELAWARE**

                        */s/ Erika Y. Tross*
                        Erika Y. Tross (#4506)
                        Deputy Attorney General
                        820 N. French Street, 6th Floor
                        Wilmington, DE  19801
                        (302) 577-8400
                            Attorney for the State Defendants

Dated: January 11, 2007

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on January 11, 2007, I caused a true and correct copy of the attached ***State Defendants' Responses To Plaintiff's First Set Of Interrogatories To State Defendants [Re: D.I. 30, 32, 33 & 35]*** to be served on the following individuals in the form and manner indicated:

**VIA FIRST CLASS MAIL:**
Inmate William F. Davis, III
SBI #162762
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**VIA ELECTRONIC DELIVERY:**
Dana Spring Monzo, Esq.
McCullough & McKenty, P.A.
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
dmonzo@mccmck.com

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400