IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. DAVIS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-067-SLR |
| | ) |
| RAPHAEL WILLIAMS, FIRST | ) |
| CORRECTIONAL MEDICAL, DR. | ) |
| BOSTON, BRIAN CASEY, | ) |
| C/O DAVIES, CAPTAIN EMMIT, | ) |
| C/O REGINALD MAYES, and | ) |
| DEBRA MUSCARELLA, | ) |
| | ) |
| Defendants. | ) |

William F. Davis, III, Delaware Correctional Center, Smyrna, Delaware. Pro se.

Erika Yvonne Tross, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Raphael Williams, C/O Davies, Capt. Emmit, and C/O Reginald Mayes.

Daniel L. McKenty, Esquire, Esquire, McCullough & McKenty, P.A., Wilmington, Delaware. Counsel for Defendants First Correctional Medical and Debra Muscarella.

**MEMORANDUM OPINION**

Dated: July 17, 2007
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff William F. Davis, III, ("Davis"), an inmate incarcerated at the Delaware Correctional Center ("DCC"), filed this complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) He subsequently filed an amended complaint adding new parties. (D.I. 8) Presently before the court is defendants First Correctional Medical ("FCM") and Deborah Muscarella's ("Muscarella") motion to dismiss. (D.I. 25) Also before the court is plaintiff's motion to amend and State defendants' motion for leave to depose plaintiff. (D.I. 25, 44) For the reasons set forth below, the court will grant the motion to amend and the motion for leave to depose plaintiff. The court will grant in part and deny in part the motion to dismiss filed by FCM and Muscarella.

## II. BACKGROUND

Plaintiff alleges his jaw was broken by inmate Casey on July 30, 2004. Prior to that time, on July 16th and July 20th, Casey had pushed or shoved plaintiff in front of correctional officers who did nothing about Casey's behavior. Plaintiff alleges he complained of Casey's behavior and filed a grievance. Two weeks later, Casey called plaintiff a child molester, hit him and fractured his jaw. Plaintiff was taken to the infirmary, received some type of treatment, and returned to his cell. Plaintiff alleges he could tell that his jaw was broken, and he could not eat. The initial complaint alleges that after five days of not eating, his pod counselor, Ms. Deborah, called the infirmary. Plaintiff alleges he was admitted to the infirmary, but it was six days before he was seen by a surgeon. Plaintiff ultimately underwent surgery. He alleges eleven metal screws were used in an attempt to mend his jaw.

On November 20, 2006, plaintiff filed a motion to amend his complaint. (D.I. 26)

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Defendants FCM and Muscarella ("FCM defendants") did not file an opposition to the motion, and the State defendants advised the court they basically had no objection to the motion. Accordingly, the court will grant the motion to amend. (D.I. 26) Nurse Jeremy and Officer Fred Way will be added as defendants and a service order will issue.

In addition to two new defendants, Nurse Jeremey and Officer Fred Way, the motion contains new allegations. Relevant to FCM defendants' motion to dismiss are plaintiff's additional allegations that he told counselor Deborah he was afraid of Casey, Casey was calling plaintiff a child molester, and yet nothing was done. Plaintiff also alleges he complained to Deborah about Casey's conduct on a second occasion.

## III. DISCUSSION

### A. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the court assumes that all factual allegations in plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule

2

12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

FCM defendants advance several theories in support of dismissal of the allegations against them. They argue they were not served within 120 days from the filing of the complaint, the complaint fails to state a claim upon which relief may be granted, plaintiff did not file an affidavit of merit, and plaintiff failed to exhaust his administrative remedies. (D.I. 25) Plaintiff did not respond to the motion to dismiss.

**B. Service**

FCM defendants argue that more than 540 days passed between the filing of the complaint and service of the complaint. They argue that plaintiff has not demonstrated good cause why they were not timely served.

Plaintiff filed his original complaint on February 9, 2005, but the case was closed on March 30, 2006, for failure to serve process. (D.I. 10) Plaintiff explained to the court why service had not been effected and moved for reconsideration. (D.I. 11) The court granted his motion, reopened the case and gave plaintiff additional time to provide USM-285 forms to effect service. (D.I. 12) Plaintiff timely submitted the USM-285 forms for the FCM defendants, and the complaint with the USM-285 forms were submitted to the U.S. Marshal for service on June 12, 2006.

Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court. . .shall dismiss the action without prejudice." Fed. R. Civ. P. 4(m). The rule goes on the state

3

that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at it discretion, extend the time for service even if plaintiff has not shown good cause for the delay." Daniels v. Correctional Med. Services, 380 F.Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995). As discussed above, the court gave credence to plaintiff's reasons for failing to initially serve the complaint and, by court order, gave plaintiff additional time to serve the FCM defendants. Moreover, as the FCM defendants are aware, plaintiff proceeds in forma pauperis and, therefore, must rely upon the United States Marshals Service to effect proper service of the summons and complaint. See 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding in forma pauperis, "the officers of the court shall issue and serve all process, and perform all duties in such cases").

Dismissal for failure to timely serve is not proper. Therefore, the court will deny FCM defendants' motion to dismiss on the basis of untimely service.

### C. Failure to State a Claim

FCM argues it should be dismissed as a defendant because it is not mentioned in any allegations in the complaint. It argues that, even if it were mentioned in the complaint, because there is no vicarious liability in a § 1983 civil rights action, the complaint fails to state a claim against it.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). FCM is not

4

mentioned at any time in the complaint or in any of the amendments. There are absolutely no allegations against FCM to suggest that it, in any way, allegedly violated plaintiff's constitutional rights. Accordingly, the court will grant FCM's motion to dismiss on the basis of failure to state a claim upon which relief may be granted.

Muscarella argues she is entitled to dismissal because the one statement of fact contained in the original complaint (D.I. 2) does not allege any wrongdoing or negligence. The original complaint did not contain adequate allegations to proceed against Muscarella. However, the court is granting plaintiff's motion to amend and there are sufficient allegations in the amendment to proceed against Muscarella under an Eighth Amendment theory of failing to protect plaintiff from harm. Therefore, the court will deny Muscarella's motion to dismiss on the basis of failure to state a claim upon which relief may be granted.

### D. Medical Malpractice

FCM defendants move to dismiss any medical negligence claims on the basis that plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Plaintiff does not appear to allege medical negligence. However, if he does, FCM defendants' motion is well-taken. Plaintiff has not filed the required affidavit and, therefore, the court will grant FCM defendants' motions to dismiss the medical negligence claim.

### E. Administrative Remedies

FCM defendants move for dismissal on the basis that plaintiff failed to exhaust his administrative remedies prior to the filing of his complaint. FCM defendants acknowledge plaintiff states in his complaint he filed a grievance with the additional

comment "an inmate cannot request or demand disciplinary action on staff." FCM defendants argue dismissal is appropriate because plaintiff does not state the result of the grievance. They posit this suggests that, at the time plaintiff filed his complaint, the administrative process was not complete and, in the absence of proof of exhaustion, the complaint must be dismissed.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, –U.S.–, 127 S.Ct. 910 (2007).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. See Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004); Nyhuis v. Reno, 204 F.3d 65, 67 (3d. Cir. 2000); but see Freeman v. Snyder, No. 98-636-GMS, 2001 WL 515258, at *7 (D. Del. Apr. 10, 2001) (finding that if no administrative remedy is available, the exhaustion requirement need not be met). However, if prison authorities thwart the

6

inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002).

Had FCM defendants looked at the exhibits to plaintiff's complaint, they would have seen the result of his grievance. Plaintiff received a memorandum dated July 16, 2004, from the inmate grievance chairperson responding to plaintiff's grievance regarding "physical harm/conduct of officers." (D.I. 2, ex. B) Plaintiff was informed the issue was "not grievable" because "inmates cannot request or demand disciplinary action on staff." Plaintiff has no administrative remedy and, therefore, the exhaustion requirement need not be met. Therefore, the court will deny the motion to dismiss on the basis of failure to exhaust administrative remedies.

## IV. DEPOSITION OF PLAINTIFF

State defendants move for leave to depose plaintiff as part of discovery in this case. (D.I. 44) The discovery deadline in this matter is August 13, 2007. (D.I. 40) Rule 30(a)(2) of the Federal Rules of Civil Procedure requires leave of court to depose a prisoner. Plaintiff is a prisoner and the discovery deadline is looming. Therefore, the court will grant the motion for leave to depose plaintiff.

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant plaintiff's motion to amend (D.I. 26) and will grant State defendants' motion for leave to depose plaintiff (D.I. 44). The court will grant in part and deny in part the motion to dismiss filed by FCM and Muscarella. (D.I. 25) FCM will be dismissed from the case. An appropriate order will be entered.

7