1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM F. DAVIS
   Plaintiff,

v.

WARDEN RAPHAEL WILLIAMS
C/O DAVIES, NURSE JEREMEY
C/O MAYS C/O Lt Fredway
DEBRA MUSCARELLA
   Defendants,

CA NO. 05-67-SLR



RECEIVED OCT 10 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

Plaintiff: Brief

The Plaintiff contend that nurse Jeremy violated his USCA Const. Amend 8. when he knew of inmate William F Davis chronic pain of a broken jaw when sending him back to his housing unit with just pad-bandage's to try and stop the bleeding, and failed to provide further assistance by contacting a physician to set an appointment to attend to the Plaintiff emergency medical need, or request that he need to go to the hospital. Plaintiff repeatedly told nurse Jeremey and Correctional officer Fredway when in the infirmary that his jaw was broken while these individuals repeatedly ignored him. Directly at that point nurse Jeremey had the responsibility for deciding that Plaintiff complaint was serious enough for an appointment with a doctor or an on the spot hospital visit.

2.

Indulging all favorable inferences plaintiff sufficiently alleged that it is in this role that nurse Jeremey displayed deliberate indifference. The alleged facts allow the inference that nurse Jeremey knew of chronic pain and complaint on May 31 2004 and after and still did nothing in obligation of his duty to call a Doctor to set up an appointment or request that plaintiff be taken to the hospital to get his altered face fixed which is a serious medical need. This is not a case where the evidence demonstrates a carefully thought out medical decision of a license nurse. Nurse Jeremey could have gave plaintiff asprin or tylonal, some kind of pain killer to ease the pain in Mr Williams face. Neglect of duties as a nurse leads to diliberatly indifferent. If my interpretation of the complaint is in error then of course like a house of cards it falls as a Federal cause of action.

The eighth amendment protects inmates from the infliction of cruel and unusal punishment. This protection extends to inmates who are denied needed medical treatment. Prison officials who fail to provide essential health care violate the 8th Amendment when they display deliberate indifference to a serious medical need. Plaintiff William F. Davis III need for medical attention was serious when he couldn't move his broken jaw ecept with his hand, and noticing it was extremely crooked with chronic pain from off alignment

3.

aswell feeling several breaks in his jaw. Numeral complaints were ignored by inmate William F Davis to officer mays that he need medical attention for his broken jaw. As a result to this serious injury, plaintiff couldn't eat for five days with the slow healing of mr. william alterd face. These allegations above are serious. Daniels v. Williams 474 US 327 330-31, 106 Sct 662, 664-65, 88 L.Ed. 2d 662 1986; this is true; Failure to treat a medical complaint rises to the level of a constitutional deprivation only when the defendant is deliberately indifferent. Exhibit A, Letter to Capt Williams states events, aswell as complaints that was ignored by officer mays that plaintiff jaw was broken and that he need medical attention. By officer mays ignoring the complaint of plaintiff, is belaying him medical attention. A Prison guards intentional denial or delay of medical care is evidence of deliberate indifference. Estelle v. Gamble. 429 US at 104 97 Sct at 291 when prison guards ignore without explanation of prisoners serious medical condition that is known or obvious to them the trier of fact may infer deliberate indifference. Plaintiff jaw was obvious to officer mays. A broken jaw will leave your face altered. USCA const. Amend 8. while prison supervisors may be found liable only for their own acts and omissions with respect to prisoners medical needs,

4.

they need not have actual knowledge of specific incident if they had "power" and "duty" to alleviate conditions which led to violation of Eighth Amendment.

Warden Raphael Williams didn't have actual knowledge of specific incident of plaintiff but quite sure he gained it through verbal communication from staff, aswell report complaints that Mr William F Davis Jaw was broken. As Raphael William being the warden of Howard Young Correctional institution he has power and the duty to make a condition light, and he refuse a serious medical need without explanation of a man with a broken Jaw. It's not very professional for warden Raphael Williams to find out the condition of plaintiff broken jaw and not extend his power to get plaintiff to a hospital to fix his altered face. With warden Raphael Williams in power of Howard Young Correctional institution and through report complaint and, again quite sure verbal of Mr William F Davis broken jaw **and** still delaying him medical attention is evidence of deliberate indifference.

Washington v. Dugger, 860 F2d 1018, 1021 11th cir 1980 FN4 with this type of injury, it may be the deliberately indifferent delay, no matter how brief, would render defendants liable as if they had inflicted the pain themselves. Deliberately inflicted pain as with an electric cattle prod, does not

5.

become unimportant and unactionable under the eighth amendment simply because the pain produced is only momentary. Even if we were to recognize as de minimus delays of a few seconds or minutes, a deliberate delay on the order of hours is providing care for serious and painful broken foot is sufficient to state a constitutional claim.

Loe v. Armistead, 582. F.2d 1291 4th cir 1972 FN3 when a prisoner has a broken arm he can maintain a 1983 action against any responsible state or Federal official who has failed to assure that he is examined by a physician within a least 11 hours of his injury and had his arm x-rayed within 22 hours of his injury. A more correct statement of our holding is that the complaint of a prisoner under 1983 against responsible state and Federal officials is not subject to summary dismissal when he alleges that, with deliberate indifference, the defendant failed to have his painful and obviously broken arm examined until 11 hours after his injury and failed to have it x-rayed until 22 hours after his injury. As a consequence, plaintiff will have the opportunity to present his evidence of deliberate indifference and defendants will be required to plead and present evidence explaining the delays in providing medical attention.

6.

In case at hand after plaintiff was sent back to his unit with just gauze from just getting his jaw broken to stop the bleeding and with no pain killer aswell with no xray. After five days the pod counselor ms Deborah called the infirmary, After five day of complaint from inmate william F Davis about his broken jaw plaintiff was admitted there for six day with a broken jaw before being seen by a surgeon.

That's eleven days with no pain killer or xray before seen by a surgeon. See Exhibit B to prove the length of time to see a surgeon. This is a Foresure Fact of diliberate indifference with no explaining of delay of medical attention. Under rule 56 c of Federal rules of civil procedure, a motion for summary judgment must be granted where there is no genuine issue as to any material fact and..... the moving party is entitled to a judgment as a matter of law.

The first circuit has defined a genuine issue of material fact as one that might affect the outcome of the suit under the governing law.... Thus, in a run-of-the-mill civil case, the court must ask whether a fair minded jury could return a verdict for the plaintiff on the evidence presented.

7.

Exhibit C proves the date of plaintiff jaw was broken 5-31-04 and proves that he was escorted from medical back to 1D were the altercation begin Exhibit B proves when plaintiff finaly seen a surgeon Exhibit A Letter to Capt williams states events aswell as complaints that was ignored

In Furtherance of these allegations which all started round about 5-10-04, plaintiff william F Davis and inmate Brian casey were in the yard on 1D Pod at Howard Young Correctional institution when inmate Brian casey was being a bully and pushed plaintiff inmate william F Davis with his hands in his face. Inmate william F Davis verbally told officer Davies about the incident. Officer Davies didnot Document the incident on 4-12 shift. The second assault happen later in the week round about 5-16-04 inmate casey again pushed "plaintiff" inmate william F Davis in his face with his hands playing basketball in front of officer mays on 4-12 shift, and again the incident was not documented nor was inmate brian casey disciplined when officer mays seen the incident, Inmate william F Davis verbal request again was ignored. Two weeks later on 5,31,2004 during breakfast inmate brian casey called plaintiff a child molester, After that insulting statement both inmate Davis and inmate casey stood face to face

8.

with exchange of words. During that inmate Casey punched inmate Davis in the facial area shattering inmates Davis jaw. Inmate Davis fought back in defense. A code was called and both inmates were hand cuffed, taken to the infirmary to be seen by medical staff. Officer Fredway was the one who escorted inmate Davis to the infirmary, incident report Exhibit C.

    Plaintiff do understand that prison officials are not required to provide protective custody to every inmate who asserts he was assaulted or threatened, but should, at minimum, investigate each allegation of violence or threat of violence; As also stated in mullen v. unit manager weber 730F supp 640, 645 mD Da 1990. Verbal complains to an incident to a Prison officer that should do a minimum investigation should be documented so that the next shift officer that is working that tier will have known knowledge to know what to look for.

    Known knowledge can be verbal with out document, Common knowledge to pass to the next officer so he or she can know what to look for. Either of these examples where exhausted. As proved in the first assault on plaintiff by brian Casey officer Davies didn't minimum her obligation as an prison officer to document the incident

9.

or a minimum investigation of the issue.

Vebal complaint to officer Davies from inmate William F Davis about the push in the face by brian casey is first hand knowledge that officer Davies knows of the incident. Later in the week inmate brian casey again pushed inmate william F. Davis in the face playing basketball in front of officer mays 4-12 shift.

This time it's visual so he knows aswell verbally told to officer mays of the incident and still no minumum investigation to find out why the incident occurred. It was completly ignored just like the first incident. It was known to officer mays and officer Davies that this can be a serious issue since the assault is with the same two inmates.

The ninth circuit court of appeal has held that a prison official is deliberately indifferent for purposes of the eighth Amendment when he knows or should know of danger facing the inmate. See Redman V. county of San Diego 942 F2d 1435, 1443 9th cir 1991 quoting Colburn V. upper Darby Township, 838 F2d 663 669 3th cir 1988, on the other hand, The Seventh Circuit court of appeals has held after wilson, that liability should only be imposed on prison officials if they had actual knowledge of impending harm,

10.

and has rejected liability for prison officials who merely should have known of danger to an inmate.

McGill v. Duckworth, 944 F2d 344, 348 7th Cir 1991 Because we agree with Redman that it is appropriate to use the same standard under the Fourthteenth and Eighth Amendment here, Redman, 942, F2d at 1442, we hold that a prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate. We stress however, that in constitutional context should have known is a phrase of art with a meaning distinct from its usual meaning in the context of the law of torts. We have expressed that should have known does not refer to a failure to not a risk that would be perceived with the use of ordinary prudence It connotes something more than a negligent failure to appreciate the risk,..... though something less than subjective appreciation of that risk. The strong likelihood of harm must be so obvious that a lay person would easily recognize the necessity for preventative action. Deliberate indifference has been variously described as:

The possession of actual knowledge officer mays and office navies possess actual knowledge from the first assault

11.

on william F Davis From brian casey; Nevertheles the second assault should have really brought a red Flag to the situation since it's with the same two inmates that something can seriously go wrong.

With this being ignored with the actual kowledge that the officers have now and Failed to look into the situation of why the assault keep happening william Davis got his jaw broken From brian casey.

It was clear to officer mays and officer Davies that inmate brian casey is acting out, that he's carrying the characteristic of a non caring attitude

The two officers Davies and mays had a conscious culpable mind refusal to prevent harm could be inferred From a Failure to prevent it. Henderson v. Oe, Roberts, 940 F.2d 1055, 1060 7th cir 1991 the infliction of unnecessary suffering Estelle, 429 US at 103, 97 S.ct at 290 Lopez V. Robinson. 914 F.2d 486. 429 4th cir 1990 as the unnecessary and wanton infliction of pain, Givens v Jones 900, F.2d 1229 1232 8th cir 1990 and as the knowledge ...... of pervasive risk of harm of inmate From other Prisoners and Failure to respond reasonably to the risk. Officer Davies and mays Failed to respond reasonably to the

12.

risk of the first and second assault that something can seriously go wrong, and it did. William F. Davis got his jaw broke. The officers knew of a substantial risk when told to them from William F. Davis, who see of assault by officer Davies, aswell as 1D Pod being a medication tier and officers are suppose to go through special training to work 1D pod, with this training they learn background reports of the inmates to know what to look for in each and every individual. From the very fact the risk was obvious that inmate Brian Casey has the ability to act out of character; knowledge of any potential danger.

 Prison condition may be restrictive and even harsh, but gratuitously allowing the beating or simple assault of one prisoner by another serves no legitimat penological objective. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offense against society.

 Prison officials must fulfill their affirmative duty under the constitution to prevent inmate assault or otherwise face a serious risk of being held liable for damage see ante at 1981 1982

13.

Plaintiff is seeking compensatory damages for physical injury of a broken jaw aswell as numb to the lips and gum and for pain an suffering of the length of time it took to get his jaw back to it's original being from being broke. Aswell punitive damage for the deliberate indifference that the guard knew of the serous physical harm that can be done after told twice from Plaintiff to the prison guards of the assault from brian casey that developt into a pattern of abuse.

Money damage - Twenty Five Thousand from each defendant that was diliberate indifference in case at hand; And two hundred eighty thousand for pain an suffering of the length of time to get plantiff jaw fixed, aswell for long term medical care in the future for numbness to the lips and gum's that is accruing now from the incident of the broken jaw.

Respectfully submitted
Date: ~~~~~~ 10-3-07
William F. Davis III
S.B.I 162762

## Certificate of Service

I, William F. DAVIS III, hereby certify that I have served a true and correct cop(ies) of the attached: Pliantiff: Brief _____ upon the following parties/person (s):

TO: office of the Clerk
United States District Court
844 N. King Street, lockbox 18
Wilm, Del 19801

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 3 day of October, 2007

William F Davis III



FM: William F. Davis II
SBI# 162762    UNIT MHU-202-13-L-10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United State District Court
844 N. King Street Lockbox 18
Wilm, Del  19801