IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM F. DAVIS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-67-SLR |
| | ) | |
| WARDEN RAPHAEL WILLIAMS, | ) | Jury Trial Requested |
| FIRST CORRECTIONAL MEDICAL, | ) | |
| DR. BOSTON, BRIAN CASEY, | ) | |
| C/O DAVIES, CAPTAIN EMMIT | ) | |
| C/O REGINALD MAYES, and | ) | |
| DEBRA MUSCARELLA, | ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [RE: D.I. 68]

COMES NOW, State Defendants Warden Raphael Williams, C/O Kerry Davies, Deputy Warden Mark Emig, and C/O Reginald Mays (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Motion for Appointment of Counsel (the "Motion to Appoint") (D.I. 68). In support of the Response, the State Defendants state as follows:

1. Plaintiff William F. Davis, III ("Davis" or "Plaintiff") is an inmate presently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Davis is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On February 9, 2005, Davis filed a lawsuit pursuant to 42 *U.S.C.* § 1983 against defendants State of Delaware Department of Correction, Warden Raphael Williams, Stanley Taylor, First Correctional Medical ("FCM") and Mental Health (the

"Original Complaint") (D.I. 2). By the Original Complaint Davis claimed that the State Defendants violated his constitutional rights by, *inter alia*, failing to protect him from another inmate and being deliberately indifferent to his medical needs.

3. Approximately seven months after filing the Original Complaint Davis filed an amended complaint (the "First Amended Complaint") dismissing as defendants the State of Delaware Department of Correction, Stan Taylor, and Mental Health. (D.I. 8). In addition, Davis added several new defendants including Correctional Officer Kerry Davies, Deputy Warden Mark Emig, and Correctional Officer Reginald Mays. Although the First Amended Complaint added new defendants it made no changes to the allegations in the Original Complaint nor did it add any new allegations.

4. On September 8, 2006, State Defendants filed a timely answer to Plaintiff's Original and First Amended Complaints denying the allegations in the Complaints and asserting various defenses and affirmative defenses. (D.I. 24). The Court entered a Scheduling Order shortly thereafter setting deadlines and the date for the close of discovery. (D.I. 40).

5. The parties completed discovery on August 13, 2007. On October 10, 2007, Davis filed a Motion for Summary Judgment and Opening Brief in support. (D.I. 58, 59). Thereafter, in accordance with the Scheduling Order, on October 15, 2007 State Defendants filed their Motion for Summary Judgment and Opening Brief in support. (D.I. 60. 61).

6. On November 1, 2007, Davis filed his "Answer to Summary Judgment Argument" responding to the State Defendants' Motion for Summary

Judgment. (D.I. 69). State Defendants then filed a combined answering brief and reply brief on November 15, 2007. (D.I. 71).

7. Before this Court could enter a decision on the parties' case dispositive motions, Davis filed the Motion to Appoint requesting that the Court appoint counsel for him in the matter. (D.I. 68, filed 11/5/2007). This is Davis' first request for counsel in these proceedings.

8. In the Motion to Appoint Davis alleges, for the first time, that he is unable to present his claims because "he has several dehabilitating [sic] mental disorders." (D.I. 68 at ¶ 3). He also claims that: (a) "the complexity of the legal issues is a factor in this request"; (b) witness credibility is an issue; and (c) a trial will involve conflicting testimony. (*Id.* at ¶ 4-6).

9. The facts of this case do not support the appointment of counsel for Davis at this time. Therefore State Defendants request that the Court deny Davis' Motion to Appoint.

10. The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Rather, the appointment of counsel is left within the court's discretion. *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993). A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'" *Daniels*

*v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

11. In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case. *Parham*, 126 F.3d at 457. If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including: (a) the plaintiff's ability to present his own case; (b) the complexity of the legal issues; (c) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (d) the amount a case is likely to turn on credibility determinations; (e) the need for expert testimony; and (f) whether the plaintiff can attain and afford counsel on his own behalf (the "*Tabron* factors"). *Id.*

12. In addition to considering the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. Considering all of the *Tabron* factors, Davis does not require appointed counsel at this time.

13. Davis, for the first time in two years, claims that mental illnesses prevent him from presenting his claims. Davis does not state what mental illnesses he has been diagnosed with nor does he demonstrate how the illnesses prevent him from presenting his claims. Therefore, it is unlikely that Davis' alleged mental illnesses are an impediment to his proceeding *pro se* in this matter.

14. Moreover, the record shows that Davis has been able to effectively present his claims to this Court for the past several years. In fact, Davis has filed in this

matter an Original Complaint, Amended Complaints, a Motion for Summary Judgment with a supportive Opening Brief and an Answering Brief in response to the State Defendants' Motion for Summary Judgment.  Therefore, the record shows that Davis does not need counsel to present his claims.

15.     Further, the allegations of this case are not so complex that appointment of counsel is necessary.  Davis claims that the State Defendants should have protected him from a fight with another inmate.  He also claims that he failed to receive adequate medical treatment following the fight.  Such issues are not complex, can be decided based on the factual record already presented by the parties, and are not likely to turn on witness credibility.

16.     Finally, neither continued factual investigation nor expert testimony is necessary.  Discovery in this matter is complete.  The parties submitted case dispositive motions to the Court and nothing more needs to occur in this case while the parties await the Court's decision.  Therefore, counsel is not necessary at this time.

17.     Davis' Motion to Appoint fails to allege any special circumstances which indicate that Davis requires appointed counsel.  Therefore, in light of the *Tabron* factors and the facts of this case, this Court should deny the Motion to Appoint.

WHEREFORE, State Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Appointment of Counsel.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
    Attorney for the State Defendants

Dated: November 19, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. DAVIS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-67-SLR |
| ) | |
| WARDEN RAPHAEL WILLIAMS, ) | Jury Trial Requested |
| FIRST CORRECTIONAL MEDICAL, ) | |
| DR. BOSTON, BRIAN CASEY, ) | |
| C/O DAVIES, CAPTAIN EMMIT ) | |
| C/O REGINALD MAYES, and ) | |
| DEBRA MUSCARELLA, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Upon the Plaintiff's Motion For Appointment Of Counsel (D.I. 68) and State Defendants' Response In Opposition To Plaintiff's Motion For Appointment Of Counsel; and it appearing that good and sufficient notice of Plaintiff's Motion and State Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Appointment Of Counsel is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Sue L. Robinson
United States District Court Judge

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on November 19, 2007, I caused a true and correct copy of the attached *State Defendants' Response in Opposition to Plaintiff's Motion for Appointment of Counsel [Re: D.I. 68]* to be served on the following individuals in the form and manner indicated:

**VIA FIRST CLASS MAIL:**
Inmate William F. Davis, III
SBI #162762
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**VIA ELECTRONIC DELIVERY:**
Daniel L. McKenty, Esq.
Heckler & Frabizzio
P.O. Box 128
Wilmington, DE 19899-0128
dmckenty@hfddel.com

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400